UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
at GREENEVILLE

| | |
|---|---|
| CHARLES FRANKLIN WYATT, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | No. 2:11-cv-146 |
| ) | *Greer/Inman* |
| WAYNE ANDERSON, Sheriff, ) | |
| ) | |
| Respondent. ) | |

## **MEMORANDUM OPINION**

Acting *pro se*, Charles Franklin Wyatt ("Wyatt" or "petitioner") brings this petition for a writ of habeas corpus, 28 U.S.C. § 2254, claiming that he is confined illegally pursuant to the December 22, 2010 order of the Sullivan County Criminal Court, revoking his probation and sentencing him to serve two consecutive terms of 11 months and 29 days confinement in the Sullivan County Detention Center (SCDC), [Doc. 2]. Respondent has brought an unopposed motion to dismiss what respondent characterizes as Wyatt's 28 U.S.C. § 2241 petition, [Doc. 6].[1] In his motion, respondent argues that this case has become moot, based upon petitioner's release from incarceration and completion of his probation violation sentence on August 19, 2011. Respondent's motion has merit and will be **GRANTED**.

**I. Facts**

---

[1] Though petitioner used a form for filing petitions under 28 U.S.C. § 2254, he explains, in a letter to the Court, that he is not complaining about his sentence, but rather, is seeking to be released for time-served or on a medical furlough, [Doc. 2-4]. Because this is not an attack on Wyatt's sentence, but a challenge to the execution of his sentence, the Court could construe it as a § 2241 petition, as did the respondent in his motion to dismiss, but since a state prisoner can use § 2254 to question the execution of a sentence and since the motion will be granted on mootness grounds, the Court need not so construe the petition. *See In re Owens*, 525 Fed. App'x 287, 290, 2013 WL 1777133, *2 (6th Cir. Apr. 26, 2013) ("A state prisoner can use § 2254 to challenge the execution of his sentence. *See Allen v. White*, 185 Fed.Appx. 487, 490 (6th Cir. 2006).").

According to the pleadings and attachments, Wyatt was convicted on April 18, 2008, of two counts of driving under the influence of an intoxicant (DUI), second offense, and of DUI while accompanied by a child under 18 years old, second offense. For these crimes, petitioner received a sentence of one year, 11 months and 28 days, which was suspended, and he was placed on probation supervision. On September 10, 2010, his probation was revoked and he was ordered to serve his sentence of imprisonment. Subsequently, the order of revocation was amended, and petitioner was ordered to served two consecutive 11-month and 29-day sentences in the SCDC.

## II. "In Custody" Requirement

A federal court is authorized to entertain an application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a state court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States. 28 U.S.C. § 2254(a). "Courts determine whether a habeas corpus petitioner is in custody for purposes of sections 2241 and 2254 at the time that the application is filed." *McVeigh v. Smith*, 872 F.2d 725, 727 (6th Cir. 1989) (citing *Carafas v. LaVallee*, 391 U.S. 234, 238, 88 S.Ct. 1556, 1559, 20 L.Ed.2d 554 (1968), and *Sevier v. Turner*, 742 F.2d 262, 269 (6th Cir. 1984)). While a petitioner's release from custody after he files a habeas corpus application may render his petition moot, that release does not relate to the "in custody" issue. *Id.* at 727 (citing *Sevier*, 742 F.2d at 169-70).

Respondent, Wyatt filed this instant petition while he was confined in the SCDC, serving his probation violation sentence, (Doc. 1 at 1, ¶ 3; Doc. 2 at 7, signature line). Thus, even though Wyatt was released from his probation violation sentence after he submitted his petition, and to the extent that respondent is advancing an "in custody" issue, this requirement has been met here.

## III. Mootness

Article III of the United States Constitution restricts the jurisdiction of a federal court to "cases" and "controversies," and "requires the party who invokes the court's authority to show that he personally has suffered some actual or threatened injury as a result of the putatively illegal conduct of the defendant, and that the injury fairly can be traced to the challenged action and is likely to be redressed by a favorable decision." *Cleveland Surgi-Center, Inc. V. Jones*, 2 F.3d 686, 688, (6th Cir. 1995) (citation and internal quotation marks omitted). If something happens while a habeas corpus petition is pending which causes a court to be unable to afford the relief a petitioner seeks, such as the expiration of a sentence, the case becomes moot and a federal habeas court lacks jurisdiction to entertain it. *Demis v. Sniezek*, 558 F.3d 508, 512 (6th Cir. 2009) (citing *Abela v. Martin*, 309 F.3d 338, 343 (6th Cir. 2002)). A petitioner whose sentence has expired and who is challenging a probation violation can avoid a dismissal for lack of jurisdiction so long as he can show that he is suffering from the collateral consequences of the probation revocation. *Id*. at 515 (To avert a finding of mootness after the expiration of a sentence, a petitioner must show "some concrete and continuing injury other than the now-ended incarceration or parole-some 'collateral consequence.'") (quoting *Spencer v. Kemna*, 523 U.S. 1, 7 (1998)); *see United States v. Kissinger*, 309 F.3d 179, 182 (3d Cir. 2002) (citing *Spencer*, 523 U.S. at 14); *Parks v. Ohio Atty. Gen*., 2009 WL 1024573, *7 (S.D.Ohio Apr. 15, 2009).

Petitioner has not alleged that any adverse collateral consequences will attach or have attached to his probation revocation, much less that he "continue[s] to have an actual injury that is capable of being redressed by a favorable judicial decision." *Demis*, 558 F.3d at 512 (citation omitted). Any order from the court finding merit to the claims asserted in the petition and dictating the release of this now-released petitioner would not provide meaningful relief and would constitute a mere advisory opinion. *See Herb v. Pitcairn*, 324 U.S. 117(1945) ("We are not permitted to render

an advisory opinion . . . ."). Because Wyatt has shown no collateral consequences attendant to his probation violation and, thus, no "actual injury that is capable of being redressed by a favorable judicial decision," he has not presented a case or controversy and his case is now moot.

**IV. Conclusion**

The Court **FINDS** that the respondent's motion to dismiss should be **GRANTED** and that this petition should be **DISMISSED** as **MOOT**.

Accordingly, a separate order will enter.

**ENTER**:

s/J. RONNIE GREER
UNITED STATES DISTRICT JUDGE